UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FREEDOM MORTGAGE CORPORATION,

                Plaintiff,          **SUPPLEMENTAL REPORT AND RECOMMENDATION**

v.

                                      1:23-cv-143-JLS-JJM

ANDREA P. ROMAN and
PETER A. ROMAN,

                Defendants.
_____

        On October 31, 2023, I issued a Report and Recommendation [16] recommending that plaintiff Freedom Mortgage Corporation's ("Freedom Mortgage") motion for a default judgment [10] be granted in part and denied in part.[1] In that Report and Recommendation, I recommended granting Freedom Mortgage's motion to the extent of ordering the foreclosure and sale and awarding various categories of monetary relief, but denying the motion "with respect to the requested awards for late charges, property inspections, and attorney's fees as well as the appointment of Mr. Graber as referee". [16] at 14-15. However, I recommended that such denial be "without prejudice to reapplication with the appropriate substantiation". Id. at 15.

        Freedom Mortgage thereafter timely filed objections [17] to the Report and Recommendation, objecting to my recommended denial of those awards as well as providing supplemental documentation in support of its requests. District Judge John L. Sinatra, Jr. recommitted the matter to me for initial consideration of this supplemented application. [19]. As there were no objections to remainder of my Report and Recommendation, I will not revisit those

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

recommendations here and consider them and the relevant factual background incorporated by reference.

For the following reasons, I recommend that Freedom Mortgage's supplemental application be granted in part and denied in part.

## DISCUSSION

As previously discussed, "a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Bricklayers Insurance & Welfare Fund v. Everest Masonry Construction, 2017 WL 4179853, *3 (E.D.N.Y.), adopted, 2017 WL 4217116 (E.D.N.Y. 2017). The court must be able to ascertain damages with "reasonable certainty". Hosking v. New World Mortgage, Inc., 570 Fed. Appx. 28, 31 (2d Cir. 2014). The party seeking recovery "bears the burden of adequately documenting and itemizing the costs requested." Ganci v. U.S. Limousine Service Ltd., 2015 WL 1529772, *8 (E.D.N.Y. 2015). All reasonable inferences from the evidence offered are drawn in favor of the moving party. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

1.  **Property inspection fees and late charges**

Freedom Mortgage renews its application for awards of $120.00, reflecting a charge for property inspections, and $108.55, reflecting late charges prior to acceleration of the loan. [10-3] at 4. Freedom Mortgage's previous application failed to "provide any substantiation or explanation for the alleged property inspection charge nor the late charges". [16] at 10. In this supplemental application, Freedom Mortgage provides two additional documents, Exhibits E and F. [17] at 3, ¶6.

Exhibit E is a printout listing eight charges of $15.00, totaling $120.00, for "inspection fee[s]" incurred from July 4, 2022 to April 14, 2023. [17-5]. Exhibit F is another printout listing thirteen unpaid charges of $8.35, collected from January 1, 2022 through January 17, 2023 ([17-6] at 1-2), which plaintiff's counsel avers is 2% of the principal and interest amount of $417.62. [17] at ¶6.[2]

With all reasonable inferences given to the moving party, I find that Freedom Mortgage's supplemental application as to these charges is sufficient, and I now recommend that those amounts be awarded. See Eastern Savings Bank, FSB v. Beach, 2014 WL 923151, *11 (E.D.N.Y. 2014) (recommending award of late charges based on plaintiff's submission of document "provid[ing] a breakdown of all late charges"); Eastern Savings Bank, FSB v. Bright, 2013 WL 3282889, *3 (E.D.N.Y. 2013) (recommending award of late charges "supported by the entries on the transaction history submitted").

## 2.     Appointment of Referee

Freedom Mortgage also renews and supplements its request for the appointment of Kenneth Graber, Esq. as referee to effectuate the sale of the Property. [17] at ¶3. This time, it appends Mr. Graber's New York State UCS-870 application and finding of eligibility as Exhibit B ([17-2] at 1-4), as well as information for two additional potential referees as Exhibit C by way of an email and a resume. [17] at ¶¶3, 4.

While none of these submissions give much quantitative or qualitative insight into the proffered individuals' experience in terms of acting as referee to a foreclosure sale, I take judicial notice that, as pointed out by Freedom Mortgage, Mr. Graber appears on the New York

---

[2]     As previously discussed, Section 6(A) of the Note indeed provides for a late charge of 2% for each overdue payment of principal and interest. Note [10-5] at §6.

State Unified Court System as being currently eligible for appointment as referee in Orleans County (where the Property is located). *See* New York State Unified Court System, Eligibility List: Results https://iapps.courts.state.ny.us/fiduciary/appointee/EligibilityListPage?4 (last accessed December 12, 2023). I also note that, on his UCS-870 application, Mr. Graber indicated that he had been appointed referee "[m]ore than 10" times in the last 10 years. [17-2] at 2. This additional information satisfies me that Mr. Graber is qualified to act as referee, and I now recommend that he be appointed referee to effectuate the sale of the Property.

3.  **Attorney's Fees**

Finally, Freedom Mortgage renews its request for an award of $5,650.00 as "reasonable legal fees" associated with the foreclosure and sale. [17] at ¶5. Plaintiff's counsel, Alex Zamenhof, Esq., again avers that his firm's fee is a "flat fee" which represents reasonable compensation for the performance of several services relating to preparing for and prosecuting this foreclosure action, as well as for future services relating to the preparation for and sale of the Property. Zamenhof Declaration [17] at 5-7. Mr. Zamenhof further avers that "[b]ecause this office charges a flat fee for foreclosure work, individual time sheets are not maintained". Id. at ¶6. Mr. Zamenhof's application is largely identical to his original application, except that he now provides some additional information in his declaration, to wit, a list of attorneys who completed certain tasks and the dates those tasks were completed. [17] at ¶5.

As I explained in detail in my initial Report and Recommendation, the rule in the Second Circuit for the last four decades has been that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . [that] specify, for each attorney, the date, the hours expended, and the nature of

the work done". N.Y. State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983); see Wilmington Savings Fund Society, FSB v. White, 2023 WL 3765157, *3 (E.D.N.Y. 2023). That is because "[c]ourts award attorney's fees according to the 'presumptively reasonable fee' (or 'lodestar') method, calculated as the product of the reasonable number of hours worked and a reasonable hourly rate". Agudath Israel of America v. Hochul, 2023 WL 2637344, *1 (2d Cir. 2023).

Freedom Mortgage's application, even as supplemented, provides neither factor required to calculate a presumptively reasonable fee, *i.e.*, the number of hours expended or the hourly rates of those who completed the work. See id. Mr. Zamenhof's firm is free to employ any method of reasonable fee arrangement agreed upon by him and his client, including a flat fee. However, when asked to impose such a fee on an opposing party, "the Court must still examine whether the fee is reasonable, and it does so by calculating the presumptively reasonable fee via the lodestar method and comparing it to the flat fee amount". Onewest Bank, N.A. v. Cole, 2015 WL 4429014, *6 (E.D.N.Y. 2015); see also Nationstar Mortgage LLC v. Atanas, 285 F. Supp. 618, 624 (W.D.N.Y. 2018). Mr. Zamenhof has twice declined to supply that information, and he cites no case in support of his argument that we may award his fee without it.

I further note that Mr. Zamenhof's firm has previously been put on notice of this requirement by this Court. See Freedom Mortgage Corporation v. Bushey, 2023 WL 8230173, *3 (W.D.N.Y. 2023) (finding the "list of services performed in connection with this action" provided by Mr. Zamenhof's firm was "not enough to comply with the Second Circuit's requirement for flat fee awards").

Accordingly, I maintain my recommendation that Freedom Mortgage's request for an award of attorney's fees be denied.

## CONCLUSION

In sum, taking into account both my previous recommendations [16] and the modifications discussed above, I recommend that plaintiff's motion for default judgment [10] be granted to the extent that it seeks:

- a default judgment of foreclosure against defendants;

- a judgment of foreclosure and sale;

- the appointment of Kenneth Graber, Esq. as referee to effectuate the sale of the Property;

- payment of a $750 statutory fee to Mr. Graber, as well as a $250 cancellation fee and any reasonable expenses of the sale to the extent certified by him;

- an award of $1,213.05 for costs and disbursements;

- an award of $92,221.01 reflecting the unpaid principal balance as of August 1, 2022, and interest accruing at the annual rate of 3.25%, or approximately $8.21 per day, from that date until the date judgment is entered;

- an award of $2,544.89 reflecting the escrow advance;

- an award of $120.00 for property inspections;

- an award of $108.55 for late charges prior to acceleration of the loan;

- an award of the amount of any advances for taxes, insurance, amounts due to prior mortgagors, and for maintenance of the premises pending sale, as certified by the referee; and

- an award of post-judgment interest through the date of sale.

However, I recommend that the motion be denied with respect to the requested award for attorney's fees.

Unless otherwise ordered by District Judge John L. Sinatra, Jr., any objections to this Report and Recommendation must be filed with the clerk of this court by December 29, 2023. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek, 838 F. 2d at 58; Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: December 15, 2023

          /s/ Jeremiah J. McCarthy
          JEREMIAH J. MCCARTHY
          United States Magistrate Judge