UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



FREEDOM MORTGAGE
CORPORATION,

              Plaintiff,                    23-CV-143 (JLS) (JJM)

v.

ANDREA P. ROMAN and
PETER A. ROMAN,

              Defendants.

## DECISION AND ORDER

Plaintiff commenced this action on February 14, 2023 pursuant to New York Real Property Actions and Proceeding Law Article 13 to foreclose a mortgage encumbering 147 Clarendon Street in Albion, New York. Dkt. 1. The case has been referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 14.

On June 26, 2023, Plaintiff moved for default judgment. Dkt. 10. No response to the [10] motion was filed. On October 31, 2023, Judge McCarthy issued a Report and Recommendation ("R&R") recommending that the motion be granted in part and denied in part. Dkt. 16. In particular, he recommended that Plaintiff's motion be granted to the extent it seeks:

- "a default judgment of foreclosure against defendants;"

- "a judgment of foreclosure and sale;"
- "an appointment of a referee to effect such sale (subject to the presentment of three qualified candidates and their qualifications);"
- "payment of a $750 statutory fee to the referee, as well as a $250 cancellation fee and any reasonable expenses of the sale to the extent certified by the referee;"
- "an award of $1,213.05 for costs and disbursements;"
- "an award of $92,221.01 reflecting the unpaid principal balance as of August 1, 2022, and interest accruing at the annual rate of 3.25%, or approximately $8.21 per day, from that date until the date judgment is entered;"
- "an award of $2,544.89 reflecting the escrow advance;"
- "an award of the amount of any advances for taxes, insurance, amounts due to prior mortgagors, and for maintenance of the premises pending sale, as certified by the referee;" and
- "an award of post-judgment interest through the date of sale." *Id.* at 14-15.

He further recommended "that the motion otherwise be denied, that is, with respect to the requested awards for late charges, property inspections, and attorney's fees, as well as the appointment of Mr. Graber as referee, without prejudice to reapplication with the appropriate substantiation." *Id.* at 15.

On November 9, 2023, Plaintiff objected to the R&R. Dkt. 17. Specifically, it objected to "the denial of the attorneys fees" and to "the striking of the property inspection fees in the amount of $120.00 and the late charge amount of $108.55." *Id.* ¶¶ 5-6. Plaintiff also provided supplemental documentation in support of its requests. *See* Dkt. 17-1—17-6. No response to the objections was filed.

On December 11, 2023, this Court ordered that the matter be recommitted to Judge McCarthy "with instructions to reconsider the R&R in light of Plaintiff's [10] motion as well as the additional materials submitted with Plaintiff's [17] Objections." *See* Dkt. 19. This Court also denied the [17] objections as moot. *Id.*

On December 15, 2023, Judge McCarthy issued a Supplemental Report and Recommendation ("Supplemental R&R"), recommending that Plaintiff's "supplemental application be granted in part and denied in part." Dkt. 20. As such—and taking into account his previous recommendations—Judge McCarthy recommended that Plaintiff's [10] motion for default judgment be granted to the extent it seeks:

- "a default judgment of foreclosure against defendants;
- "a judgment of foreclosure and sale;"
- "the appointment of Kenneth Graber, Esq. as referee to effectuate the sale of the Property;"
- "payment of a $750 statutory fee to Mr. Graber, as well as a $250 cancellation fee and any reasonable expenses of the sale to the extent certified by him;"

- "an award of $1,213.05 for costs and disbursements;"
- "an award of $92,221.01 reflecting the unpaid principal balance as of August 1, 2022, and interest accruing at the annual rate of 3.25%, or approximately $8.21 per day, from that date until the date judgment is entered;"
- "an award of $2,544.89 reflecting the escrow advance;"
- "an award of $120.00 for property inspections;"
- "an award of $108.55 for late charges prior to acceleration of the loan;"
- "an award of the amount of any advances for taxes, insurance, amounts due to prior mortgagors, and for maintenance of the premises pending sale, as certified by the referee;" and
- "an award of post-judgment interest through the date of sale." *Id.* at 6.

He further recommended "that the motion be denied with respect to the requested award for attorney's fees." *Id.* No party filed objections, and the time to do so has expired.[1]

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72

---

[1] Plaintiff advised the Court on January 11, 2024 that it "will not be further objecting to the Supplemental Report and Recommendation that was filed December 18, 2023." Dkt. 23.

4

requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

This Court carefully reviewed the R&R, the Supplemental R&R, and the relevant record. Based on that review, the Court accepts and adopts Judge McCarthy's recommendation. Plaintiff's [10] motion for default judgment is thus granted in part and denied in part in the manner specified by Judge McCarthy. *See* Dkt. 20 at 6. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:    January 24, 2024
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE